UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE BROWN #270886,

        Plaintiff,                                 Hon. Robert J. Jonker

v.                                           Case No. 1:18-cv-943

UNKNOWN MACKAY, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment, (ECF No. 17), Defendant's Motion for Summary Judgment, (ECF No. 20), and Plaintiff's Amended Motion for Summary Judgment, (ECF No. 23).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be **denied**, Defendant's motion be **granted**, and this action **terminated**.

## BACKGROUND

Plaintiff initiated this action on August 31, 2018, alleging various constitutional violations against ten (10) individuals employed by the Michigan Department of Corrections (MDOC). On September 26, 2018, the Honorable Robert J. Jonker issued an Opinion and Order dismissing all of Plaintiff's claims, save a First Amendment retaliation claim against Defendant Terry Mackay.[1] (ECF No. 6-7).   With respect to this remaining claim, Plaintiff alleges the following.

---

[1] In his Complaint, Plaintiff referred to Defendant Mackay as Lieutenant McKay.   The Court subsequently utilized this spelling as well, but will correct such going forward.

On May 25, 2017, Plaintiff filed a grievance against Corrections Officer Bruch, alleging that Bruch had threatened Plaintiff.   On May 30, 2017, Defendant Mackay denied Plaintiff's grievance and, moreover, told Plaintiff, "I'm going to get you for this grievance."   The following day, Mackay charged Plaintiff with assault and battery on Bruch during the course of a May 15, 2017 incident.   A hearing on this charge was subsequently held at which the hearing officer reviewed the video footage of the incident in question.   The hearing officer concluded that while Plaintiff initiated physical contact with Bruch, the contact was incidental.   Accordingly, Plaintiff was found not guilty of the charge.   The sole remaining claim in this action is that Mackay charged Plaintiff with assault and battery as retaliation for Plaintiff filing a grievance against Bruch on May 25, 2017.   Defendant Mackay now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust this particular claim.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record

-3-

contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I.      **Plaintiff's Motions for Summary Judgment**

      A.      Plaintiff's Motion for Summary Judgment (ECF No. 17)

In his initial motion for summary judgment, Plaintiff asserts that he is entitled to relief on the ground that Defendant Mackay failed to appear or otherwise reply to his complaint.   (ECF No. 17).   Plaintiff's argument fails for two reasons.

First, Defendant did not fail to appear or otherwise comply with the Court's orders or any rules applicable in this matter.   On September 26, 2018, the Honorable Robert J. Jonker ordered that Defendant Mackay need only file an appearance within 60 days after receiving a request for waiver of service.  (ECF No. 7).   Defendant complied with this requirement when his counsel filed an appearance on Defendant's behalf on December 21, 2018, less than 60 days after receiving a request for waiver of service.

Second, because Plaintiff bears the burden at trial on his retaliation claim, he is not entitled to summary judgment based on Defendant's alleged failure to appear or respond.   Instead, as noted above, Plaintiff must present evidence sufficient for the Court to conclude that "no reasonable trier of fact could find other than for the moving party."   Plaintiff has made no such showing. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

B.    Plaintiff's Amended Motion for Summary Judgment (ECF No. 23)

While styled as an "Amended Summary Judgment" motion, Plaintiff makes no request therein for judgment or other affirmative relief, but instead merely argues that Defendant Mackay is not entitled to summary judgment because he did, in fact, properly exhaust his remaining claim of retaliation.  (ECF No. 23).   Accordingly, as discussed below, the Court has interpreted this pleading as a response to Defendant's motion for summary judgment.   Moreover, to the extent that this pleading is interpreted as a request by Plaintiff for judgment or other affirmative relief, the undersigned recommends that such be denied.

## II.    Defendant's Motion for Summary Judgment

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).   Prisoners are no longer required to demonstrate exhaustion in their complaints.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Id*.   With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Pursuant to this Policy Directive, matters regarding "decisions made in hearings conducted by hearing officers" are non-grievable and, therefore, cannot be exhausted through the prison grievance process.   Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ (F)(2) (effective July 9, 2007).   Instead, as the Sixth Circuit has held, to properly exhaust the claim that a misconduct charge was asserted for retaliatory reasons, the prisoner must assert the claim during the initial misconduct hearing.

In *Siggers v. Campbell*, 652 F.3d 681 (2011), Siggers filed a grievance alleging that a prison employee falsely charged him with a misconduct violation.  *Id.* at 690.   The grievance was rejected, however, on the ground that issues directly related to the hearing process are not grievable. *Ibid.*   Siggers' attempts to further pursue this grievance were thwarted by prison officials.  *Id.* at 694. Siggers later initiated a civil rights lawsuit alleging, in part, that the prison official "wrote bogus and unsubstantiated misconduct reports against him."  *Id.*at 684.   The district court, however, determined that Siggers had failed to properly exhaust this claim.  *Id.* at 691-92.

Siggers appealed the matter to the Sixth Circuit arguing that because his attempts to pursue the matter through all three steps of the prison grievance process were thwarted, his claim should be deemed exhausted.  *Id.* at 694.   The court disagreed, however, on the ground that Siggers' attempts to resolve the matter through the prison grievance process were irrelevant.   As the court concluded, because the grievance in question concerned the issuance of a major misconduct charge, Siggers was obligated to raise his claim that the charge was improperly motivated during the misconduct hearing.   *Ibid.*; *see also*, *Smith v. Goulet*, 2018 WL 3688468 at *2 (W.D. Mich., Aug. 3, 2018) ("the ordinary grievance procedure does not apply to disputes arising out of misconduct

hearings, the prisoner must instead raise the issue in the misconduct hearing"); *Miller v. Klee*, 2018 WL 1354473 at *5 (E.D. Mich., Feb. 23, 2018) ("a prisoner claiming that the issuance of a misconduct ticket constitutes retaliation, must raise that issue during the first misconduct hearing in order to exhaust administrative remedies").

In support of his motion for summary judgment, Defendant has submitted a copy of the misconduct hearing report, as well as the two-page statement Plaintiff submitted in response to the assault and battery charge.   (ECF No. 21-3 at PageID.129; ECF No. 21-4 at PageID.131-32).   This evidence reveals that Plaintiff defended the assault and battery charge by arguing that the evidence did not support the charge.   Plaintiff did not allege that Defendant retaliated against him.   In response to the present motion, Plaintiff has submitted an affidavit in which he asserts that he did, in fact, properly exhaust his administrative remedies by pursuing the matter through all three steps of the prison grievance process.   (ECF No. 23-1 at PageID.142-43).   As noted, however, the claim at issue is not properly exhausted through the prison grievance process.   Thus, as Plaintiff acknowledges, his grievance was rejected.

In sum, Plaintiff has failed to demonstrate the existence of a genuine factual dispute as to whether he properly exhausted his remaining retaliation claim.   The Court finds, therefore, that Defendant Mackay has satisfied his burden to show that Plaintiff's remaining claim has not been properly exhausted.   Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 17), be **denied**; <u>Defendant's Motion for Summary Judgment</u>, (ECF

No. 20), be **granted**; Plaintiff's Amended Motion for Summary Judgment, (ECF No. 23), be **denied**; and this action **dismissed**.   The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: April 9, 2019

   /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge